**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDO PUMPHREY, | :: | HABEAS CORPUS |
|     Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| GDC - DEKALB COUNTY | :: | CIVIL ACTION NO. |
| PROBATION; et al., | :: | 1:14-CV-2413-TWT-RGV |
|     Respondents. | :: | |

**ORDER FOR SERVICE OF ORDER AND
REPORT AND RECOMMENDATION**

Attached is the Order and Final Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72.  Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order.  28 U.S.C. § 636(b)(1).  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If

no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review.  Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 4th day of September, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ALEXANDO PUMPHREY, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2241 |
| | :: | |
| v. | :: | |
| | :: | |
| GDC - DEKALB COUNTY | :: | CIVIL ACTION NO. |
| PROBATION; et al., | :: | 1:14-CV-2413-TWT-RGV |
| Respondents. | :: | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner Alexando Pumphrey has filed this amended 28 U.S.C. § 2241 petition to challenge the Superior Court of DeKalb County's August 2013 decision denying petitioner's motion to terminate his probation. [Doc. 4]. The matter is now before the Court on petitioner's application for leave to proceed in forma pauperis, [Doc. 5], and for a preliminary review of the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1]  For the reasons stated below, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4.  Additionally, petitioner's

---

[1] Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

application for leave to proceed in forma pauperis, [Doc. 5], is hereby **GRANTED** for the purpose of dismissal only.

## I. LEGAL STANDARDS

Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." See also McFarland v. Scott, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when a petition "appears legally insufficient on its face"). The court's power to order summary dismissal of a "legally insufficient" petition is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B); see also Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying § 2254(b)(1)'s exhaustion

2

requirement to state pretrial detainee's § 2241 petition). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Before seeking federal habeas corpus relief, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

## II. DISCUSSION

Petitioner states that, in 2010, the Superior Court of DeKalb County sentenced him to five years of imprisonment followed by five years on probation and that his sentence of incarceration was suspended upon completion of the "Start Program." [Doc. 4 at 7]. According to petitioner, the court wrongfully denied his 2013 motion for termination of his probation, even though he submitted proof that he had completed the conditions of his probation. [Id.]. As a result, petitioner maintains that he was "unlawfully detained" for fifty-five days (apparently pursuant to a petition for revocation of his probation, which was withdrawn on August 6, 2014). [Id. at 6-8].

3

Petitioner acknowledges that he did not appeal the court's decision denying his motion for termination of his probation or otherwise seek further review in state court.[2] [Id. at 2-3]. Because petitioner has not exhausted his available state court remedies and has not alleged that the state process has become "ineffective" to protect his rights, this habeas action is due to be dismissed for failure to exhaust available state court remedies. See 28 U.S.C. § 2254(b)(1); O'Sullivan, 526 U.S. at 845; Hughes, 377 F.3d at 1262 n.4.

### III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial

---

[2] Although petitioner states that he seeks "compensation," [Doc. 4 at 6], such relief is not available in this federal habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

4

showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

Where, as here, a habeas petition is denied on procedural grounds without reaching the prisoner's underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Because petitioner cannot show that reasonable jurists could debate the dismissal of this habeas action for lack of exhaustion, he should be denied a COA.

5

## IV. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 and that a COA be **DENIED**.

Petitioner's application for leave to proceed in forma pauperis, [Doc. 5], is hereby **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 4th day of September, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE